FILED
SUPERIOR COURT
OF GUAM

2014 APR 11 PM 3: 40

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
                        )
       vs.                 )
                        )
ENRIQUE PEREZ PANGELINAN, )
                        )
        Defendant.       )
                        )

**CRIMINAL CASE NO. CM0401-12**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on the Government's motion for reconsideration, filed February 28, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving under the influence of alcohol and reckless driving based upon the following alleged events. On April 21, 2012 at approximately 12:40 a.m., Guam Police Officer John A. Bagaforo (hereinafter "the Officer") stopped Defendant's car when it almost hit his vehicle as it attempted to make a left turn across Marine Corps. Drive. (Testimony of John A. Bagaforo, Record Log at 2:34, Oct. 29, 2012). The Officer observed that Defendant had bloodshot, watery eyes and smelled of alcohol. *Id.* He asked Defendant to participate in a standardized field sobriety test. *Id.* Defendant failed the test when he could not keep his balance during the instructions of the test. *Id.* The Officer allowed Defendant to make two phone calls to a relative and a friend who could pick up his vehicle and fishing gear. *Id.*; (Testimony of Enrique P. Pangelinan, Record Log at 2:49, Oct. 29, 2012). Defendant was subsequently arrested at 1:10 a.m. (Testimony of John A. Bagaforo, Record Log at 2:34, Oct. 29, 2012).

On September 27, 2012, Defendant moved to suppress all evidence obtained from the investigative detention because it lasted longer than fifteen (15) minutes in violation of 8 GCA § 30.30. Defendant asserts that his initial detention was an unreasonable seizure and that all

evidence obtained during or as a result of the seizure must be suppressed.

The Government opposed suppression on the bases that: 1) Defendant consented to an extended detention when he participated in field sobriety tests; 2) probable cause to arrest appeared before 15 minutes of alleged detention; and 3) suppression should be limited to evidence obtained after 15 minutes of detention and before arrest.

On December 28, 2012, the Court issued a Decision and Order granting Defendant's motion to suppress and holding that all evidence obtained from the onset of detention and throughout the entire detention shall not be admissible against Defendant. (Dec. & Order, 8, Dec. 28, 2012).

On November 8, 2013, the Supreme Court of Guam in *People v. Taman*, 2013 Guam 22 issued an opinion clarifying 8 GCA §30.30, the "15 minute rule," of the Guam's Stop and Frisk Act. The Supreme Court of Guam held, as a matter of law, that voluntary consent tolls the 15 minute rule and that the development of probable cause obviates that fifteen minute limit imposed by Guam's Stop and Frisk Act on investigative detentions that are supported by reasonable suspicion. *People v. Taman*, 2013 Guam 22 ¶¶ 15, 27.

On February 28, 2014, the Government filed a motion for reconsideration praying for the Court to reconsider its decision on December 28, 2012 because there was an intervening change in controlling law as a result of the Supreme Court of Guam's decision in *Taman*. (Mot. Recons., 2, Feb. 28, 2014)

Defendant did not file an opposition.

## DISCUSSION

### I.  Motion for Reconsideration

The law of the case doctrine generally precludes a court from reconsidering an issue it has already decided unless: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *People v. Hualde*, 1999 Guam 3 ¶ 13 (*citing United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). However, the trial court, "always has the power to reexamine, modify, vacate, correct

and reverse its prior rulings and orders," and the, "[l]aw of the case does not ... preclude the court from reconsidering an earlier ruling if the court feels that the ruling was probably erroneous and more harm would be done by adhering to the earlier rule than from the delay incident to a reconsideration and the possible change in the rule of law to be applied." *People v. Gutierrez*, 2005 Guam ¶ 40 n. 7 (*quoting Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Haw.*, 992 P.2d 127, 136 (Haw. 2000)).

In this case, the Government seeks reconsideration of the Court's decision on December 28, 2012 where the Court interpreted 8 GCA § 30.30 and § 30.40 as follows: "Even where probable cause to arrest appears within 15 minutes of detention, the plain language of 8 GCA § 30.30 does not allow the detention to continue beyond 15 minutes. When a person is detained without arrest for more than 15 minutes, although probable cause to arrest may appear, the Stop and Frisk statutes are violated." (Dec. & Order, 4, Dec. 28, 2012). The Court further held that Defendant's voluntary consent to undergo a Standardized Field Sobriety Test did not toll the 15 minute clock pursuant to the plain meaning of 8 GCA § 30.30. *Id.* at 5.

In *Taman*, the Supreme Court of Guam held, as a matter of law, that "the tendering of voluntary consent will toll the time limit and the appearance of probable cause obviates the time limitations imposed on investigative detentions effected under Guam's Stop and Frisk Act." *People v. Taman*, 2013 Guam 22 ¶ 30. The Court finds that this new interpretation of Guam's Stop and Frisk Act constitutes an intervening change in law warranting the Court's reconsideration of this matter.

For this reason, the Government's motion for reconsideration is granted.

II.     **The Stop and Frisk Statutes**

The Fourth Amendment permits brief investigative detentions that are based upon a reasonable suspicion of illegal conduct. *People v. Johnson*, 1997 Guam 9 ¶ 4 (*citing Terry v. Ohio*, 392 U.S. 1 (1968)). This principle is codified in the "Stop and Frisk" statutes at 8 GCA Chapter 30. *See People v. Cundiff*, 2006 Guam 12 ¶ 40.

///

Title 8 GCA § 30.10 states:

> Whenever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person.

Title 8 GCA § 30.20 states:

> Detention pursuant to § 30.10 shall be for the purpose of ascertaining the identity of the person detained and the circumstances surrounding his presence abroad which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense, but such person shall not be compelled to answer any inquiry of the peace officer.

Title 8 GCA § 30.30 states:

> No person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes. Such detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.

Title 8 GCA § 30.40 states:

> If at any time after the onset of the detention authorized by § 30.10, probable cause for arrest of the person shall appear, the person shall be arrested. If after an inquiry into the circumstances which prompted the detention, no probable cause for the arrest of the person shall appear, he shall be released.

8 GCA §§ 30.10-30.40 (2005).

Thus under Guam law, a police officer having a reasonable suspicion regarding criminal activity by a particular individual may detain that person to investigate said suspected criminal activity. 8 GCA §§ 30.10-30.20 (2005). When this investigative detention reveals probable cause for arrest, "the person shall be arrested." 8 GCA § 30.40 (2005). Although "in no event [shall a person be detained] longer than fifteen (15) minutes," voluntary consent will toll the time limit and the appearance of probable cause to arrest obviates the fifteen minute time limit. 8 GCA § 30.30 (2005); *Taman*, 2013 Guam 22 ¶ 30.

In this case, the Court must determine whether probable cause to arrest Defendant developed within 15 minutes from the onset of Defendant's initial detention. If probable cause existed within the 15 minutes, the encounter is removed from the strict parameters of the statute. *Taman*, 2013 Guam 22 ¶ 27. If probable cause to arrest Defendant did not develop within 15

minutes, the Court must next determine whether Defendant voluntarily consented to continued police contact. If Defendant gave voluntary consent, the 15 minute time limit is tolled. *Id.* at ¶ 15. However, "absent obtaining voluntary consent or establishing probable cause within fifteen minutes from the onset of an investigative detention, an investigative detention exceeding the statutory limit violates Guam's Stop and Frisk Act." *Id.* at ¶ 31.

### III. Probable Cause

To determine if a police officer had probable cause to make an arrest, a court must determine "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citations omitted). Thus, the existence of probable cause to arrest requires a determination of whether the arresting officer had "reasonably trustworthy information." *People v. Cundiff*, 2006 Guam 12 ¶ 27.

In this case, the Officer stopped Defendant's car at approximately 12:40 a.m. because Defendant turned in front of, and almost collided with, the Officer's vehicle when Defendant's car failed to yield the Officer's right of way. (Tr. of Hearing on Mot. to Suppress, 4-5, Oct. 29, 2012). When the Officer approached Defendant's car immediately after the stop, he smelled a strong odor of an intoxicating beverage emitting from Defendant. *Id.* at 5. The Officer also witnessed Defendant's bloodshot and watery eyes, as well as other indicators that Defendant was under the influence of an intoxicating beverage. *Id.* at 5-6. In addition, when the Officer pulled Defendant over, Defendant told the Officer that he had been drinking. *Id.* at 20. Based on the evidence adduced at the suppression hearing, the Court finds that the Government satisfied its burden to prove that the Officer had probable cause to arrest within 15 minutes of the initial stop. During this timeframe, the Officer witnessed Defendant's car fail to yield the right of way, he smelled a strong odor of an intoxicating beverage from Defendant, and he observed Defendant's eyes to be bloodshot and watery. Furthermore, Defendant told the Officer that he had been drinking. The Court finds that this constitutes reasonable trustworthy information sufficient to warrant a prudent man to believe that Defendant was committing an

offense. *Beck*, 379 U.S. at 91. Therefore, probable cause to arrest Defendant developed within 15 minutes from the onset of Defendant's initial detention.

Having found that probable cause existed within 15 minutes of Defendant's initial detention, there was no violation of the 15 minute rule. *Taman*, 2013 Guam 22 ¶ 27. As such, the Court need not consider whether Defendant gave voluntary consent to the Standardized Field Sobriety Test.

For these reasons, Defendant's motion to suppress is denied.

///

///

///

## CONCLUSION

Based upon the foregoing, the Government's motion for reconsideration is hereby GRANTED and Defendant's motion to suppress, filed on September 27, 2012, is hereby DENIED.

SO ORDERED this _11TH_ day of April, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG        OMR
PD
Date: 4/11/14   Time: 4 PM

Deputy Clerk, Superior Court of Guam